## In re HARRISON.

### (District Court, N. D. New York. October 4, 1922.)

Bankruptcy ⊜═408(3)—Discharge denied on ground of concealment of assets.

Findings and conclusions of referee, who heard the witnesses, including bankrupt, that he destroyed or failed to keep books, and that he had concealed property with intent to defraud his creditors, confirmed, and on his recommendation application for discharge denied.

In Bankruptcy. In the matter of Simon Harrison, bankrupt. On application for discharge. Findings and conclusions of referee and special master confirmed, and discharge denied.

Wager, Griffith & Wager, of Utica, N. Y., for trustee.
Lewis E. Krohn, of Utica, N. Y., for bankrupt.

RAY, District Judge. The referee and special master has filed a decision and memorandum with the evidence containing findings of fact, and as conclusion of law he reports that the application of the bankrupt for a discharge should be denied. The findings of fact are as follows:

"First. That in the month of March, 1921, the bankrupt filed his voluntary petition in bankruptcy and was thereafter duly adjudicated thereon to be bankrupt.

"Second. That said bankrupt, prior to the commencement of these proceedings, was engaged in the mercantile business in the city of Utica, N. Y., and carried a line of stock consisting of men's, women's, and children's clothing and furnishings, and the business done by the bankrupt for more than a year preceding his bankruptcy amounted to approximately $12,000 per year. That such volume of business kept up till within about two months of the date of his filing his petition in this proceeding.

"Third. That the schedules of said bankrupt, annexed to his petition and filed herein, show indebtedness of $5,410.38, and the value of his assets to be $5,294.71 of which amount stock in trade is stated to be $4,200.

"Fourth. That said stock in trade was duly appraised by the trustee pursuant to statute, and the value thereof was fixed by the appraisers at $1,811.50, and the trustee received from the sale of said stock of goods at a sale at public auction the sum of $1,250.

"Fifth. That within a few months before the filing of his petition in bankruptcy the bankrupt stated that the stock which he then had in his store was worth $12,000.

"Sixth. That a short time prior to bankruptcy the bankrupt shipped out from his store considerable quantities of goods, which goods he claimed were returned to vendors, because they were found not to be as represented at time of purchase.

"Seventh. That the bankrupt, in order to conceal his financial condition, destroyed, concealed, or failed to keep books of account or records from which such condition might be ascertained.

"Eighth. That bankrupt knowingly and fraudulently concealed from his trustee while a bankrupt property belonging to his estate in bankruptcy amounting to a considerable sum, and that the bankrupt retained in his possession, at the time of his bankruptcy, a portion of his property, with the purpose and intent of defrauding his creditors.

⊜═For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

"Ninth. That said bankrupt was sworn and examined before me, both as referee in bankruptcy and as special master in this proceeding, and upon such examinations the bankrupt recklessly, knowingly, and fraudulently gave false, vague, and ambiguous testimony in regard to his acts, conduct and property, and in regard to the disposition made by him of the merchandise which he received, and the money received by him from the sale of said merchandise during several months prior to bankruptcy, and that said testimony was intended and designed by him to impede the proper administration of his estate and conceal the true facts concerning his acts and conduct in regard to his property and the transfer thereof, and to conceal property held and owned by him. That the appearance and conduct of bankrupt on his examination. herein have convinced me that his testimony is not reliable."

The special master saw and heard the bankrupt, sworn as a witness before him, and was better able than the court can be to determine his veracity. On reading the evidence and after considering the brief filed in behalf of the bankrupt, I have arrived at the conclusion that the findings and conclusion of the special master, Hon. F. J. De la Fleur, an able and experienced referee, should be approved and confirmed, and an order made in accordance therewith, denying the application of the bankrupt for a discharge. Questions of fact were presented, which were for the consideration and determination of the referee and special master, who seems to have given the matter careful and just consideration.

There will be an order affirming and confirming the findings of the referee and denying the application of the bankrupt for a discharge.